J-S31003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARDO J. MOJICA-CARRION | : | |
| | : | |
| Appellant | : | No. 2102 MDA 2019 |

Appeal from the PCRA Order Entered December 5, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005210-2013

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 16, 2020**

Leonardo J. Mojica-Carrion appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

On August 21, 2014, a jury convicted Appellant of one count each of first-degree murder, aggravated assault, robbery, firearms not to be carried without a license, and three counts of criminal conspiracy. The convictions stem from the shooting death of Galidino Rama-Aguilar during an attempted robbery that Appellant and Estiben Manso committed in Reading, Pennsylvania. The trial court imposed life imprisonment for murder and an aggregate term of fourteen and one-half to forty-seven years of confinement on the remaining convictions. We affirmed the judgment of sentence on June

16, 2017,[1] and the Supreme Court denied allowance of appeal on November 29, 2017. *Commonwealth v. Mojica-Carrion*, 174 A.3d 78 (Pa.Super. 2017), *appeal denied*, 175 A.3d 221 (Pa. 2017).

Appellant filed a timely PCRA petition on April 12, 2018. The court appointed David Long, Esquire, who concluded that Appellant had no meritorious claims and filed a no-merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). Appellant's response challenged Attorney Long's rationale and complained that the no-merit letter failed to raise two issues that Appellant wished to assert regarding the trial court's jury instruction. Significantly, while Appellant's response noted both his indigence and inability to understand English, he did not assert that a language barrier precluded him from communicating with Attorney Long. The PCRA court granted Attorney Long's petition to withdraw and issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition without a hearing. Appellant's reply to the Rule 907 notice reiterated the substantive arguments that he asserted in the *pro se* filings.

---

[1] We quashed Appellant's initial direct appeal as untimely. However, Appellant filed a timely PCRA petition, and the PCRA court reinstated post-sentence and direct appeal rights *nunc pro tunc*. When a first-time PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc*, the subsequent PCRA petition is considered the first PCRA petition for timeliness purposes. *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa.Super. 2013)

In an order dated December 3, 2019, the PCRA court dismissed the PCRA petition. The following day, the PCRA court received Appellant's *pro se* motion for new counsel, citing a language barrier with prior counsel. Treating the motion as having been filed after it dismissed the PCRA petition, the PCRA court did not address it. Appellant filed the instant appeal and complied with Pa.R.A.P. 1925(b), wherein he reasserted the issue concerning the language barrier.

Appellant presents four issues, which we restate for clarity as follows:

A. Whether the PCRA court erred in denying relief when Appellant demonstrated that a language barrier existed between Appellant and his appointed counsel?

B. Whether the PCRA court erred in failing to provide counsel who could assist Appellant despite the language barrier and Appellant's inability to access legal assistance in prison?

C. Whether the cumulative effect of Appellant's inability to understand English, and the denial of access to translated materials and legal assistance constitutes extraordinary circumstances that prevented him from pursuing the claims in his PCRA petition.

D. Whether the PCRA court deprived Appellant of his right to the assistance of counsel and due process under the Sixth and Fourteenth Amendments to the U.S. Constitution, respectively.

Appellant's brief at 3. On April 29, 2020, we granted Appellant permission to file a supplemental brief, wherein he added the contention that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding exculpatory evidence concerning a leniency agreement that it entered with Manso.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

First, we note that because Appellant's brief does not assert any of the substantive arguments that Appellant raised in his PCRA petition, claims which Attorney Long previously determined lacked merit, those issues were abandoned.[2] *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other

_____

[2] Although Appellant asserted some of the substantive claims in his reply brief, that is insufficient to cure waiver. *See Commonwealth v. Fahy*, 737 A.2d 214, 219 n.8 (Pa. 1999)("[A]n appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief."). Furthermore, to the extent that Appellant could revive these issues in his reply brief, the claims are waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). (Issues not included in the Statement . . . are waived.").

meaningful fashion capable of review, that claim is waived."). Thus, we do not address the merits of those claims herein.

Next, we confront the issues that Appellant presents relating to Appellant's inability to communicate in English. *See* Appellant's brief at 5-8. While the Commonwealth contends that these arguments are waived because Appellant neglected to assert before the PCRA court any claims relating to the alleged language barrier, the certified record belies this assertion. As noted, Appellant first raised his language-related argument in a motion received after the PCRA court denied the PCRA petition. However, since Appellant was acting *pro se* when he filed that motion, he is entitled to the benefit of the prisoner mailbox rule, which treats a document as filed on the date that it is placed in prison officials' hands for delivery. ***Commonwealth v. Castro***, 766 A.2d 1283, 11287 (Pa.Super. 2001). Instantly, the postmark affixed to Appellant's motion for new counsel reflects a date of December 3, 2019. Therefore, we deem the petition timely filed by that date, and proceed to the merits of Appellant's arguments, which we address collectively.

Appellant asserts that, although he has resided in the continental United States since 2010, and graduated from Reading High School in 2012, he is unable to speak, write, read, or understand English. ***Id***. at 5. Appellant highlights that his education was limited to coursework in the English as a

Second Language ("ESL") program,[3] and touts the fact that the trial court provided him a certified interpreter during the criminal proceedings. *Id*. Appellant continues that, despite the language barrier, the prison authorities rejected his request for Spanish-speaking legal assistance and translation services because he completed high school and participated in two language-oriented programs while incarcerated. *Id* at 6. Appellant further contends that he surreptitiously enlisted the assistance of various Spanish-speaking inmates to translate his correspondence and court filings, including his *pro se* PCRA petition, response to the no-merit letter, and brief. *Id*. 6-7. In sum, without presenting citation to any legal authority establishing his entitlement to relief, Appellant requests that we reverse the PCRA order dismissing his petition and appoint substitute PCRA counsel to litigate a counseled petition that is not tainted by the alleged language barrier. *Id*. at 8.

No relief is due. Stated plainly, Appellant's failure to present legal argument in his brief is fatal to his claim for relief.[4] *See Johnson*, *supra* at 924. It is beyond peradventure that, "[w]hile [we] may overlook minor defects or omissions in an appellant's brief, we will not act as . . . appellate

---

[3] Appellant's brief refers to the ESL program inaccurately as "Excell." Appellant's brief at 5.

[4] Although Appellant contends that he could not "provide any case law" in his brief because the language barrier precluded legal research, we note that Appellant's *pro se* motion referenced legal authority that Appellant simply failed to cite and develop in his brief. Appellant's brief at 8.

- 6 -

counsel." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa.Super. 2015)(citations omitted). Furthermore, where, as here, an appellant makes no effort to discuss the applicable law or connect the relevant facts to that law, the "failure to develop a coherent legal argument in support of his claim results in waiver of th[at] issue." ***Id***.

Furthermore, even if this claim is not waived pursuant to ***Johnson***, it fails on the merits. Typically, the decision to appoint an interpreter is within the discretion of the trial court. ***See Commonwealth v. Pana***, 364 A.2d 895, 898 (Pa. 1976); ***see also Commonwealth v. Diaz***, 226 A.3d 995, 1003 (Pa. 2020). Instantly, the PCRA court's Rule 1925(a) opinion confirms that, after considering the quality of Appellant's *pro se* filings, which the court characterized as "detailed and well-organized" and PCRA counsel's review of the record and correspondence with Appellant pursuant to ***Turner***, and ***Finley***, the court rejected Appellant's assertion that the purported language barrier warranted the appointment of an interpreter and new counsel for additional proceedings. ***See*** PCRA Court Opinion, 2/5/20, unnumbered at 2 n.1. Specifically, the court concluded, "In sum, this [c]ourt has no reason to believe that Appellant has been jeopardized in pursuing his PCRA claims based on any language barrier." ***Id***. Thus, notwithstanding Appellant's stark narrative to the contrary, there is no indication in the certified record that the PCRA court abused its discretion in concluding that Appellant did not require an interpreter.

Finally, as it relates to the **Brady** violation that Appellant asserts in the supplemental brief, we note that co-defendant Manso cooperated with the Commonwealth, testified against Appellant, subsequently pled guilty to robbery and a lesser charge, and was sentenced to five to twenty years of imprisonment. Manso also testified that, while the Commonwealth did not promise him anything in exchange for his cooperation, he hoped to receive leniency in his prosecution. Relying upon the notes of testimony from Manso's guilty plea and sentencing, which Appellant asserts he did not receive until April 2020 despite his due diligence, Appellant now contends that Manso committed perjury when he testified that he did not have an agreement in place with the Commonwealth. In essence, characterizing Manso's testimony regarding his cooperation with the prosecution as an agreement between Manso and the Commonwealth, Appellant reasons that the Commonwealth violated **Brady** by failing to disclose the purported accord during his trial.[5] As with the preceding arguments that Appellant failed to assert before the PCRA court, we cannot address the instant contention that was asserted for the first

---

[5] A **Brady** claim "alleges a failure by the Commonwealth to produce material evidence, and requires a petitioner to demonstrate that: (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the petitioner; and (3) the suppression prejudiced the petitioner." **Commonwealth v. Burton**, 158 A.3d 618, 628 n.14 (Pa. 2017). Appellant is not entitled "relief if he either knew of the existence of the evidence in dispute or could have discovered it by exercising reasonable diligence." **Commonwealth v. Smith**, 17 A.3d 873, 902 (Pa. 2011).

time in his supplemental brief.[6] **See Commonwealth v. Fletcher**, 986 A.2d 759, 778 (Pa. 2009) (claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020

---

[6] Based upon the nature of the instant contention and the procedural posture of this appeal, Appellant may yet seek to assert this novel claim in a subsequent PCRA petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."), *rev'd* on other grounds, **Commonwealth v. Small**, 8 EAP 2019, 2020 WL 5833781 (Pa. 2020). We do not comment whether Appellant's assertion is sufficient to circumvent the PCRA time-bar pursuant to the newly-discovered-fact exception outlined in 42 Pa.C.S. § 9545(b)(1)(ii).